IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JERRY WEARY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action No.** |
| v. | ) **Plaintiff Demands Jury** |
| | ) |
| **RAILSERVE, INC.** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Defendant, Railserve, Inc. ("Railserve" or "Defendant"), respectfully files this Notice of Removal to this Court from the Circuit Court of Shelby County Tennessee for the Thirtieth Judicial District at Memphis, in accordance with 28 U.S.C. §§ 1332, 1441 and 1446. Railserve supports this removal as follows:

1.  On August 2, 2013, Plaintiff, Jerry Weary ("Plaintiff"), filed a Complaint styled *Jerry Weary v. Railserve, Inc.*, Docket No. CT-003322-13, in the Circuit Court of Shelby County Tennessee for the Thirtieth Judicial District at Memphis. A true and correct copy of the Complaint and Summons are contained in the State Court Record, which is being filed contemporaneously herewith and attached hereto as **Exhibit A**. These documents constitute all pleadings, process and other documents served upon Railserve in this action.

2.  Plaintiff's Complaint is a civil action in which he asserts a common law whistleblower retaliation claim against his former employer, Railserve, in relation to his termination on August 6, 2012. Plaintiff seeks actual and compensatory damages, reinstatement

(or in lieu of reinstatement, front pay and benefits), pre-judgment and post-judgment interest and attorney's fees and "all other such relief as this Court may find just and equitable."

3. Plaintiff is a resident of Memphis, Shelby County, Tennessee. (Complaint, ¶1)

4. Railserve, a non-resident of Tennessee, is a Delaware corporation with its principal place of business in Atlanta, Georgia.

5. Plaintiff seeks unspecified relief in the form of actual damages, which includes back-pay and benefits, compensatory damages, reinstatement (or in lieu of reinstatement front pay and benefits), pre-judgment and post-judgment interest and attorney's fees. Defendant estimates in good faith that Plaintiff's back-pay damages, based on his last hourly wage and average overtime hours for the past 13 months of a comparable employee, range from $35,044.88 to $40,607.87.[1]

6. Additionally, Plaintiff seeks unspecified "other such relief as this Court may find just and equitable." Punitive damages are available for common law whistleblower retaliation claims under Tennessee law. *Emerson v. Oak Ridge Research, Inc.*, 187 S.W.3d 364 (Tenn. Ct. App. 2005). Furthermore, "punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases." *Walker v. Metal Management, Inc.*, No. 05-2780 M1/P, 2006 WL 120169 at *2 (W.D. Tenn. Jan. 17, 2006) *citing Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001). If punitive damages are proven in this case, Defendant estimates the range of punitive damages at $70,089.76 to $81,215.74. *See Trapp v. Wal-Mart Stores, Inc.*, No. 1:12-cv-0029, 2012 WL 1813421 at *3-4 (M.D. Tenn. May 18, 2012)(Defendant's inclusion of an estimated punitive damages award at two times the estimated

---

[1] Defendant's estimate for damages is for purposes of establishing the amount in controversy for removal only. Defendant denies any wrong-doing or that Plaintiff is entitled to any relief requested in his Complaint.

amount of back-pay award is within the range of reasonableness.) Thus, the amount in controversy more likely than not is greater than the jurisdictional threshold of $75,000. *See* FN1.

7. Furthermore, Plaintiff's open-ended request for relief for benefits, compensatory damages (for "emotional pain and suffering, inconvenience, humiliation and embarrassment, loss of enjoyment of life, and injury to his professional standing") and reinstatement (or in lieu of reinstatement, front-pay and benefits), if proven, would increase the amount in controversy to well over the $75,000 amount in controversy. *See* FN1.

8. Diversity jurisdiction over Plaintiff's claim exists in this Court under 28 U.S.C. §1332 because the case is between citizens of different states and the amount in controversy exceeds $75,000. This case is properly removable to this Court in accordance with 28 U.S.C. §1441(b).

9. The Notice of Removal is timely filed, pursuant to 28 U.S.C. §1446(d), within 30 days after receipt by Railserve, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which this action is based. Railserve's receipt of the Complaint, by service on August 9, 2013, was Railserve's first notice of this action.

10. Venue is proper in this Court.

11. This action is not an action described in 28 U.S.C. § 1441(a).

12. A Notice of Filing of Defendant's Notice of Removal to the Circuit Court of Shelby County Tennessee for the Thirtieth Judicial District at Memphis, is being filed with the Clerk of the Circuit Court of Shelby County Tennessee for the Thirtieth Judicial District at Memphis as required by 28 U.S.C. §1446(d).

13. Copies of this Notice of Removal and the Notice of Filing of Defendant's Notice of Removal have been mailed to Plaintiff's counsel.

14. By filing this Notice of Removal, Railserve does not waive any defenses which may be available to it.

WHEREFORE, having fulfilled all statutory requirements, Railserve prays that the Complaint filed by Plaintiff in the Circuit Court of Shelby County Tennessee for the Thirtieth Judicial District at Memphis be removed to this Court.

Dated: September 6, 2013

Respectfully submitted,

/s/ James M. Simpson
James M. Simpson (TN Bar No. 015023)
Allen, Summers, Simpson, Lillie & Gresham, PLLC
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38103
Telephone:   (901) 763-4200
Facsimile:    (901) 684-1768
jsimpson@allensummers.com

Timothy J. Sarsfield
MO Bar No. 36223 (*pro hac vice to be filed*)
Joyce M. Pratt
MO Bar No. 57637 (*pro hac vice to be filed*)
Thompson Coburn LLP
One US Bank Plaza
St. Louis, Missouri 63101
Telephone:   (314) 552-6000
Facsimile:    (314) 552-7000
tsarsfield@thompsoncoburn.com
jpratt@thompsoncoburn.com
Michael W. Duffee
IL Bar No. 18237 (*pro hac vice to be filed*)
Thompson Coburn LLP
55 East Monroe Street
37th Floor
Chicago, Illinois 60603
Telephone:   (312) 346-7500
Facsimile:    (312) 580-2201
mduffee@thompsoncoburn.com

*Counsel for Defendant Railserve, Inc.*

- 5 -

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day served a copy of the foregoing **DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** by filing the same using the Court's ECF system, which will automatically send notification to the attorney of record and by mailing, U.S. postage prepaid, on the 6th day of September, 2013 to the attorney of record:

THE COCHRAN FIRM
Ursula Y. Holmes (BPR# 18040)
One Commerce Square, Suite 1700
Memphis, TN 38103
(901) 523-1222
(901) 523-1999 (*facsimile*)
uholmes@cochranfirm.com


                                              /s/ James M. Simpson
                                              James M. Simpson