IN THE CIRCUIT COURT OF SHELBY COUNTY TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED AUG 02 2013
CIRCUIT COURT CLERK
BY _____ D.C.

JERRY WEARY

Plaintiff,

vs.

Docket No. CT-003322-13
JURY DEMANDED
DIV. III

RAILSERVE, INC.,

Defendant.

## COMPLAINT

Plaintiff Jerry Weary, by and through undersigned counsel of record, files this Complaint against Railserve, Inc., and states for his causes of action the following:

### PARTIES

1. Plaintiff Jerry Weary ("Plaintiff") is a resident of Memphis, Shelby County, Tennessee.

2. Defendant Railserve, Inc. ("Defendant") is a foreign corporation doing business in Tennessee. Defendant provides in-plant rail switching, rail car loading and unloading, and track maintenance for companies with in-plant rail movement of materials. Defendant may be served through its agent for service of process, The Prentice-Hall Corporation System, Inc., 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

### JURISDICTION AND VENUE

3. All events for the basis of this Complaint occurred in Shelby County, Tennessee.

4. Venue is properly situated in Shelby County, Tennessee, pursuant to T.C.A. § 20-



EXHIBIT A

4-101(a) and (b).

5. This Court has jurisdiction pursuant to T.C.A. § 16-10-101.

## FACTS

6. Plaintiff Jerry Weary was employed as an Operator with Defendant.

7. On or about July 18, 2012, Plaintiff attended a safety meeting with other employees and management employees of Defendant. During the meeting, Plaintiff expressed concerns regarding various safety violations, to include the lack of an emergency stop on the locomotives, as well as being asked to perform maintenance and repair tasks that require proper training and certification, neither of which Plaintiff had received.

8. Plaintiff believed the lack of an emergency stop, as well as Defendant's requests that he perform work on the locomotives for which he was neither trained nor certified to do, were violations of safety standards and the laws, rules, and regulations governing the safe operation of locomotives.

9. Plaintiff exercised a right protected by public policy when he communicated his concerns regarding the violations of safety standards by Defendant during the safety meeting.

10. After the meeting was over, Jim Jenkins, a management employee with Defendant, asked to meet with the night crew.

11. When advised that Plaintiff was a member of the night crew, Jenkins responded, "[H]e won't be for long."

12. On August 3, 2012, Plaintiff, along with two other employees, were involved in a rail car damage incident.

13. On August 6, 2012, Plaintiff was terminated, purportedly as a result of the rail car

2

incident. However, the two other employees involved in the incident were not terminated. In fact, one of the employees, a Caucasian male, was not even disciplined as a result of the incident. Both Plaintiff and the other employee involved in the incident were African American.

14. Despite the fact that Defendant utilized a progressive discipline model in its discipline of employees, Plaintiff was terminated on August 6, 2012, notwithstanding the fact that this was the first time he had ever been disciplined during his employment with Defendant.

15. Plaintiff's refusal to participate in and remain silent about Defendant's violations of safety standards was a substantial factor motivating Defendant's decision to terminate Plaintiff.

### COUNT I: COMMON LAW WHISTLEBLOWER RETALIATION

16. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 15 as if fully set forth herein.

17. Under the Tennessee common law of whistleblower retaliation, Plaintiff was protected from being discharged in retaliation for his refusal to remain silent about and participate in the unlawful conduct of his employer.

18. The termination of Plaintiff by Defendant in retaliation for his refusal to remain silent about or participate in Defendant's safety violations violates the Tennessee common law of whistleblower retaliation.

19. As a result of the unlawful retaliatory discharge, Plaintiff has suffered and will continue to suffer not only a significant loss of pay and benefits, but also emotional pain and suffering, inconvenience, humiliation and embarrassment, loss of enjoyment of life, and injury to his professional standing.

3

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that the Court enter a judgment in favor of Plaintiff and against Defendant as follows:

    (a)    actual and compensatory damages in an amount to be determined by a jury;

    (b)    reinstate Plaintiff to his former position or a comparable position with full seniority and benefits or, in lieu of reinstatement, front pay and benefits until the time of such reinstatement;

    (c)    pre- and post- judgment interest as permitted by law;

    (d)    all attorneys' fees and costs incurred herein as permitted under Tennessee law; and

    (e)    all other such relief as this Court may find just and equitable.

Plaintiff demands a jury to hear and decide this action.

Respectfully submitted,

THE COCHRAN FIRM

By: _____

Ursula Y. Holmes (BPR#18040)
One Commerce Square, Suite 1700
Memphis, TN 38103
(901) 523-1222
(901) 523-1999 *facsimile*
uholmes@cochranfirm.com

4

ELECTRONICALLY FILED
2013 Aug 19 AM 10:03
CLERK OF COURT - CIRCUIT

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT-003322-13

☉ Lawsuit
○ Divorce

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| Jerry Weary  DIV III | VS | Railserve, Inc. |

TO: (Name and Address of Defendant (One defendant per summons))

Railserve, Inc.
c/o Prentice-Hall Corporation System, Inc.
2908 Poston Avenue
Nashville, TN 37203-1312

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
☑ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Ursula Y. Holmes, Esq., The Cochran Firm - Memphis, Plaintiff's attorney, whose address is One Commerce Square, Suite 1700, Memphis, TN 38103, telephone +1 (901) 523-1222 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED  Aug 2 2013   By April Hays , D.C.

TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court,
Shelby County, Tennessee, certify this to be a true and
accurate copy as filed this

_____

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

By: _____, D.C.

**RETURN OF SERVICE OF SUMMONS**

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __9__ day of __August__, 20__13__ at __3:00__ P. M. a copy of the summons and a copy of the Complaint to the following Defendant __Railserve, Inc. c/o Prentice-Hall Corp. System, Inc. by serving Cindy Mayle, Reg. Ag't. at 2908 Poston Ave., Nashville, TN__

_____
Signature of person accepting service

By: __Larry Wozengraf PP7203__
Sheriff or other authorized person to serve process

---

**RETURN OF NON-SERVICE OF SUMMONS**

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

IN THE CIRCUIT COURT OF SHELBY COUNTY TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED
AUG 02 2013
CIRCUIT COURT CLERK
BY _____ D.C.

JERRY WEARY

Plaintiff,

vs.

Docket No. CT-003322-13
JURY DEMANDED

DIV. III

RAILSERVE, INC.,

Defendant.

## COST BOND

Ursula Y. Holmes of The Cochran Firm - Memphis, as Principal(s), enters into this Cost Bond for the payment of all costs awarded against the principal as adjudged against the Principal as mandated by Tennessee Code Annotated §20-12-120 et seq.

Respectfully submitted,

THE COCHRAN FIRM - MEMPHIS

_____
Ursula Y. Holmes, BPR No. 18040
Attorney for Plaintiff
One Commerce Square, 26th Floor
Memphis, TN 38103
(901) 523-1222 (telephone)
(901) 523-1999 (facsimile)