IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JERRY WEARY | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:13-cv-02700-STA-dkv |
| v. | ) |
| | ) |
| RAILSERVE, INC. | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT RAILSERVE, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Comes now Defendant Railserve, Inc. ("Railserve") and files this Memorandum of Law in Support of Railserve's Motion for Judgment on the Pleadings.

### I.  STATEMENT OF THE CASE

Jerry Weary ("Weary" or "Plaintiff") has filed a common law whistleblowing claim against his former employer, Railserve. (Complaint, p. 3). Plaintiff's claims fails for numerous reasons. As such, Weary's claim should be dismissed.

Plaintiff's claim is preempted by the National Labor Relations Act ("NLRA"). Raising safety complaints is protected conduct under the NLRA. Discharging someone for raising safety complaints violates the NLRA. The NLRA preempts state law claims that assert conduct which is either arguably protected or prohibited by the NLRA. It does not matter if all the State law seeks to do is further penalize conduct made unlawful by the NLRA - - it is preempted.

Alternatively, Plaintiff cannot pursue a common law claim where there exists a statute, enacted prior to 1984, which protects the asserted conduct and provides a remedy for retaliation. There are at least three statutes, all enacted prior to 1984 that protect Weary's alleged conduct

(raising safety concerns) and which provide a remedy for retaliation. These three statutes are: (a) the NLRA (enacted in 1935), (b) the Federal Rail Safety Act ("FRSA") (which has protected safety complaints since at least 1980), (c) and the Tennessee Occupational Safety and Health Act ("TOSHA") (protecting safety complaints since 1974).

Finally, Weary's Complaint fails on its face. He does not identify the source of public policy protecting his complaints. If it is one of the statutes cited above, he does not have a viable common law claim for reasons already stated. If it is not one of these three statutes, he has failed to identify the source of his purported public policy. He cannot base his claim on the common law or ask this court to simply create a public policy. Also, Weary has failed to plead any <u>facts</u> supporting a claim that he refused to <u>participate</u> in unlawful conduct; while his <u>internal</u> complaints to Railserve managers, fails to state a claim. For all these reasons, Weary's Complaint should be dismissed.

## II.    STANDARD OF REVIEW

Because Defendants have filed an Answer to Plaintiff's Complaint, this Motion must be styled as a "Motion for Judgment on the Pleadings", pursuant to F.R.C.P. 12(c). <u>Catron v. Dr. James S. Hayes Living Home Health Care Agency, Inc.</u>, 2013 WL 1729124 at *1 (W.D. Tenn. April 22, 2013). However, the standards for granting a Rule 12(c) motion mirror the standards for granting a Rule 12(b)(6) motion. <u>Ackerson v. Bean Dredging LLC</u>, 589 F.3d 196, 209 (5th Cir. 2009); <u>HDC, LLC v. City of Ann Arbor</u>, 675 F.3d 608, 611 (6th Cir. 2012). Thus, if a particular claim fails to state a legally cognizable claim, dismissal is mandated. <u>Smith v. St. Bernards Regional Medical Center</u>, 19 F.3d 1254, 1255 (8th Cir. 1994) (dismissing claims against individuals as, under governing law, no liability can attach to individuals). Ultimately, in ruling

upon this Motion, the Court should be guided by Rule 12's purpose, to eliminate claims that are totally flawed in their legal premises and destined to fail. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). Weary's claim is totally flawed in its legal premises and should be dismissed.

### III.  FACTS

Plaintiff worked for Railserve. (Complaint, ¶6). Railserve operates rail equipment. (Id., ¶2). Plaintiff alleges that he voiced various safety related complaints. (Id., ¶¶7-8). He raised his concerns at safety meetings attended by Railserve managers and other Railserve employees. (Id., ¶7). Nowhere does Weary allege that he complained to persons or entities outside of Railserve. Likewise, Weary asserts no facts to support a claim that he ever refused to perform a task assigned him by Railserve. Indeed, he acknowledges he was involved in an accident involving "rail car damage". (Id., ¶12).

Weary asserts that he was asked to perform "maintenance and repair tasks that require proper training and certification, neither of which Plaintiff had received." (Id., ¶7). As previously noted, he never pled facts alleging that he refused to perform any requested "maintenance and repair tasks." Likewise, he never cited to the source of the alleged requirement that these tasks required "proper training and certification." Plaintiff asserts that he "exercised a right protected by public policy when he communicated his concerns regarding the violations of safety standards by Defendant…." (Id, ¶9). But he does not cite a source for his "public policy" or the alleged "safety standards" being violated. However, it is clear that his safety complaints would be over matters of general concern to his fellow employees, as they related to his fellow employees terms and conditions of employment and were raised at a safety meeting at which they were present.

- 3 -

## IV. ARGUMENT

A. <u>Weary was an at-will employee. He could be fired for any reason without triggering legal liability</u>.

Plaintiff does <u>not</u> allege the existence of a contact with a <u>definite</u> duration. Therefore, he was an at-will employee. <u>Little v. Federal Container Corp.</u>, 452 S.W.2d 875, 877 (Tenn. App. 1969). ("[A] contract of employment for an indefinite term is a contract at will …"). An at-will employee, like Weary, can be discharged for good cause, bad cause or no cause at all, without triggering legal liability. <u>Guy v. Mutual of Omaha Co.</u>, 79 S.W.3d 528, 534-35 (Tenn. 2002). Tennessee courts first recognized a limited public policy exception to the at-will doctrine in 1984. <u>Clanton v. Cain-Sloan Co.</u>, 677 S.W.2d 441 (Tenn. 1984). Plaintiff seeks to avoid his status as an at-will employee by purporting to allege a claim for "common law whistleblower retaliation." As discussed below, Weary's action fails for numerous reasons. As such, Plaintiff's Complaint should be dismissed.[1]

B. <u>Weary's claim is preempted by the NLRA</u>.

Weary alleges he raised safety complaints at a meeting attended by other employees. (Complaint, ¶7). Safety complaints raised at a meeting attended by other employees are protected by Section 7 of the NLRA. <u>Talsol Corp.</u>, 317 NLRB 290, 316-17 (1995). If Railserve discharged Weary for his safety complaints raised in a group setting, then it violated Section 8(a)(1) of the NLRA. In sum, Weary asserts that he engaged in conduct arguably protected by

---

[1] If Weary denies being an at-will employee, his claim fails for another reason. The common law action of retaliatory discharge is only available to at-will employees. <u>Kinsler v. Berkline, LLC.,</u> 320 S.W.3d 796, 800 (Tenn. 2010).

the NLRA (his safety complaints) and that Railserve engaged in conduct prohibited by the NLRA (the discharge decision). "When an activity is arguably subject to Section 7 or 8 of the [NLRA] the states, as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted". San Diego Bld. Trades Council v. Garmon, 359 U.S. 236, 245 (1950). In other words, state claims based upon conduct arguably protected or prohibited by the NLRA are preempted. Lewis v. Whirlpool Corp., 630 F.3d 484, 489 (6th Cir. 2011). See also, Plankinton Packing Co. v. Wisconsin Rel. Bd., 338 U.S. 953 (1950); Garner v. Teamster Local No. 776, 346 U.S. 485, 489-91 (1953).

It does not matter whether the state law in question simply seeks to provide additional remedies for conduct prohibited by the NLRA - - the state law is preempted. Wisconsin Dept. of Indus. Labor & Human Relations v. Gould, Inc., 475 U.S. 282, 287 (1986). Indeed, the Tennessee Supreme Court has recognized that common law whistleblower claims must give way, when Congress has vested a federal tribunal with a special competence to determine whether the law has been violated. Watson v. Cleveland Chair Co., 789 S.W.2d 538, 542 (Tenn. 1989) *overruled on other grounds by* Guy v. Mutual of Omaha Ins. Co., 79 S.W.3d 528 (Tenn. 2010).

C.  Weary's claim fails because he has statutory remedies that pre-date 1984.

If a statute enacted before 1984 exists which gives a remedy for a discharge based upon the allegedly protected conduct, no common law public policy claim will sound. Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 899 (1992). Based upon this principle, Weary's claim should be dismissed.

The NLRA was enacted in 1935. As previously stated, the NLRA protects employees who raise safety complaints in a group setting. Tolsol Corp., 317 NLRB at 316-17. The National Labor Relations Board has long interpreted the NLRA as protecting safety related complaints. P&L Cedar Products, 224 NLRB 244 (1976). Thus, the NLRA is a pre-1984 statute providing a right and a remedy. As such, Weary has no common law whistleblower claim.

Likewise, courts applying Tennessee law, have concluded that TOSHA precludes a common law claim for complaining about safety issues. Tennessee enacted that statute in 1974. Boyd v. Edwards & Assoc., Inc., 309 S.W.3d 470, 472-73 (Tenn. App. 2009) citing Ellis v. Rexnard, 2007 WL2509689 (E.D. Tenn. August 30, 2007). See also, McGhee v. Adesa Auctions Memphis, 2009 WL649828 at *7 (W.D. Tenn. March 12, 2009). Thus, another statute exists that requires the instant action be dismissed.

Finally, the FRSA (and various predecessors) has prohibited retaliation against reporting railroad safety complaints since at least 1980. See, Rayner v. Smirl & CSX Corporation, 873 F.2d 60, 63-64 (4th Cir. 1989).[2] Clearly, Weary raised safety complaints concerning the operation of railroad equipment. (Complaint ¶¶2, 6-8). Thus, this statute would be an available pre-1984 statute precluding his common law claim.

D. <u>If Weary disclaims reliance on the aforementioned statutes, his claim fails for failing to identify the source of his public policy claim.</u>

---

[2] Rayner was a preemption case. Defendant is not arguing FRSA preemption. The case is cited for the proposition that since 1980 (at least) there has been a statute that provides a right to be free of retaliation for reporting safety violations. Thus, under Tennessee law, no common law retaliation claim exists. Hodges, 833 S.W.2d at 899. The claim is not FRSA preempted - - it simply does not exist under Tennessee law.

A public policy claim must be predicated upon an "unambiguous constitutional, statutory or regulatory provision". Crews v. Buckman Labs Int'l., 78 S.W.3d 852, 862 (Tenn. 2002). Weary has not identified the source of the alleged public policy underlying this action. If he relies upon the NLRA and/or TOSHA and/or the FRSA - - then his claim fails for the reasons stated above. If he disclaims reliance upon these statutes and contends that this court (or the common law) establishes such a public policy - - his claim fails. A public policy cannot be derived from the common law or established by the courts. Crews, supra. See also, Stein v. Davidson Hotel Co., 945 S.W.2d 714, 717 (1997).

E.   Weary has not pled sufficient facts to support a claim under Tennessee law.

Weary alleges that he was terminated either because he refused to (a) remain silent about Defendant's alleged safety violations or (b) because he refused to participate in Defendant's alleged safety violations. Significantly, the standards announced in Conley v. Gibson, 355 U.S. 41 (1957) are no longer applicable to Motions to Dismiss or for Judgment on the Pleadings. In other words, the Court no longer determines whether there might be some set of facts in existence that would support Weary's claims. Bell v. Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007) (Conley's "no set of facts" language best forgotten as an incomplete negative gloss on an accepted pleading standard"). Rather, the Complaint must assert "sufficient factual matter, … to state a claim to relief that is plausible on its face." Ashcroft v Iqbal, 556 U.S. 662, 678 (2009)(emphasis added).

Weary pleads no facts to support a plausible claim that he ever refused to do anything Railserve asked him to do. To be sure, he claims he complained about a lack of certification and/or training to do what he was asked. (Complaint, ¶¶7-8). But he never alleges that he

refused to perform the requested tasks. Indeed, he concedes he engaged in activities giving rise to an accident. (Id. ¶12). This is insufficient to state a claim that he refused to participate in illegal conduct.

Plaintiff does allege facts supporting an assertion that he complained (i.e. refused to remain silent). However, his factual asserts show that he only complained internally (i.e.to the very people he asserted were violating the law). (Id., ¶¶7-9). He never asserts that he complained to outside persons or agencies such as TOSHA or the FRSA. Internal complaints to the wrongdoers will not support a common law whistleblower complaint. Lawson v. Adams, 338 S.W.3d 486, 497 (Tenn. App. 2010); Haynes v. Formac Stables, Inc. ____S.W.3d ____, 2013 WL6283717 (Tenn. App. Dec. 4, 2013).

## V.     CONCLUSION

Wherefore, for all the foregoing reasons, this Complaint should be dismissed. The claim is preempted by the NLRA. Alternatively, the existence of pre-1984 statutory remedies preclude his proceeding on a common law retaliatory discharge theory. Finally, Weary fails to state a cognizable claim under his chosen theory of common law whistleblowing retaliation. He has not identified a source of the alleged public policy protecting his conduct. Moreover, he has failed to plead any facts supporting a contention that he refused to participate in unlawful conduct or that he blew the whistle to a person or entity outside of Railserve. This Complaint should be dismissed.

Respectfully submitted,


      /s/ *Timothy J. Sarsfield*
Timothy J. Sarsfield
MO Bar No. 36223 (*admitted pro hac vice*)
Joyce M. Pratt
MO Bar No. 57637 (*admitted pro hac vice*)
Thompson Coburn LLP
One US Bank Plaza
St. Louis, Missouri 63101
Telephone:     (314) 552-6000
Facsimile:      (314) 552-7000
tsarsfield@thompsoncoburn.com
jpratt@thompsoncoburn.com

Michael W. Duffee
IL Bar No. 18237 (*admitted pro hac vice*)
Thompson Coburn LLP
55 East Monroe Street
37th Floor
Chicago, Illinois 60603
Telephone:     (312) 346-7500
Facsimile:      (312) 580-2201
mduffee@thompsoncoburn.com

James M. Simpson (TN Bar No. 015023)
Allen, Summers, Simpson, Lillie & Gresham, PLLC
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38103
Telephone:     (901) 763-4200
Facsimile:      (901) 684-1768
jsimpson@allensummers.com

*Counsel for Defendant Railserve, Inc.*

- 9 -

- 10 -

## CERTIFICATE OF SERVICE

      I hereby certify that I have this 10th day of February, 2014 served a copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** via the Court's electronic filing system, upon:

THE COCHRAN FIRM
Ursula Y. Holmes (BPR# 18040)
One Commerce Square
40 South Main, Suite 1700
Memphis, TN 38103
(901) 523-1222
(901) 523-1999 (*facsimile*)
uholmes@cochranfirm.com

*Attorney for Plaintiff*

                                                                                /s/ *Timothy J. Sarsfield*